# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50967
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO JOSE AVILES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1444

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eduardo Jose Aviles appeals the within-guidelines, 65-month prison sentence imposed following his guilty plea conviction for illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors. Specifically, Aviles argues that his sentence does not account for his personal circumstances, history, and characteristics, particularly his benign motives for illegally reentering the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

country and his intent to relocate to Nicaragua with his family.  He challenges the illegal reentry guideline, arguing that it double counts a person's criminal history and lacks an empirical basis.  He asserts that the advisory guidelines range overstated the seriousness of his offense and contends that his within-guidelines sentence should not be afforded a presumption of reasonableness.

We review the substantive reasonableness of a sentence for an abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The district court was "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  The district court acknowledged Aviles's mitigating arguments but concluded that a 65-month sentence was appropriate.  Aviles has failed to rebut the presumption of reasonableness that we apply to his within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *Campos-Maldonado*, 531 F.3d at 338.

Furthermore, we have rejected substantive reasonableness challenges based on the alleged lack of seriousness of an illegal reentry offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  We have also rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Finally, as Aviles concedes, his argument that the presumption of reasonableness should not be applied to his within-guidelines sentence is foreclosed.  *See id.* at 530-31 (holding that *Kimbrough v. United States*, 552 U.S. 85 (2007), does not question the appellate presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual

guideline); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

To the extent that Aviles argues that the district court erred in imposing a supervised release term, his claim is unavailing. The commentary to U.S.S.G. § 5D1.1(c) states that courts should consider imposing a supervised release term if it is determined that such a term "would provide an added measure of deterrence and protection" under the facts and circumstances. § 5D1.1, comment. (n.5); *see also United States v. Dominguez-Alvarado*, 695 F.3d 324, 329 (5th Cir. 2012). The district court expressly mentioned § 5D1.1(c) and found that a supervised release term was required to provide an added measure of deterrence. Accordingly, imposition of the term did not constitute error, plain or otherwise. *See Dominguez-Alvarado*, 695 F.3d at 329-30.

The judgment of the district court is AFFIRMED.